**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KENNETH A. LANCI,** | ) | **CASE NO. 1:08CV1575** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE KATHLEEN M. O'MALLEY** |
| | ) | |
| **v.** | ) | **MAGISTRATE JUDGE GREG WHITE** |
| | ) | |
| **MEDICAL MUTUAL OF OHIO,** | ) | |
| | ) | |
| **Defendant.** | ) | **REPORT & RECOMMENDATION** |

On August 25, 2008, pursuant to Fed.R.Civ.P. 12(b)(6) Defendant Medical Mutual of Ohio ("Medical Mutual") moved to dismiss the First Amended Complaint ("Amended Complaint") filed by Plaintiff Kenneth A. Lanci ("Lanci"). Judge Kathleen O'Malley referred the matter for a report and recommendation. After full briefing, the Court recommends that Defendant's motion to dismiss be denied.

## I. Facts and Procedural Background

Lanci is a beneficiary under a group health insurance plan (the "Plan") administered by Medical Mutual.[1]  (Amended Complaint ¶ 7.)  The Plan is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. *Id*. at ¶ 8.  In early July 2007, Lanci's physician recommended that he undergo a "coronary CTA procedure"[2]

---

[1]Medical Mutual acknowledges it administers the Plan.  (Doc. No. 7, Motion to Dismiss, p. 3.)

[2]A coronary CTA is a procedure in which high-definition, three-dimensional pictures of the heart are taken to determine whether fatty or calcium deposits have built up in the arteries. (Doc. 7, Def. Motion to Dismiss, footnote 2.)

(the "Procedure") to diagnose the cause of chest pains.  *Id.* at ¶ 10.  In advance of the Procedure and in accordance with Plan provisions, Lanci requested that Medical Mutual determine whether the cost would be eligible for reimbursement under the Plan.  *Id.* at. ¶ 11.  Subsequently, Medical Mutual denied coverage as the Procedure was considered to be "investigational."  *Id.*  On July 19, 2007, Lanci suffered a massive heart attack.  *Id.* at ¶ 14.  By letter dated July 23, 2007, Medical Mutual officially notified Lanci that the cost of the Procedure was not reimbursable under his Plan.  *Id.* (Exh. A.)  Pursuant to instructions within this letter, Lanci, through letters sent by counsel on his behalf between January and March 2008, attempted to appeal the denial of coverage and to review the evidence Medical Mutual relied upon to conclude the Procedure was "investigational."[3]  *Id.* at. ¶¶ 15, 18, 19. (Exhs. E-H.)

On May 28, 2008, Lanci filed a complaint for monetary damages against Medical Mutual in Cuyahoga County, Ohio, Court of Common Pleas alleging breach of insurance contract, bad faith and intentional infliction of emotional distress.  On June 30, 2008, Medical Mutual filed a notice of removal to this Court based on 28 U.S.C. § 1331 asserting that Lanci's claims were completely preempted by ERISA.

On July 7, 2008, Medical Mutual filed a motion to dismiss Lanci's complaint.  (Doc. No. 4.)  In response, Lanci filed a motion to amend the complaint *instanter*, which was granted on August 29, 2008.  The Amended Complaint purportedly seeks enforcement of Lanci's rights under ERISA, § 1132(a)(1)(B),[4] to recover benefits due him, to enforce his rights, and to clarify his rights for future benefits; and § 1132(a)(3)(B), to seek appropriate equitable relief to redress

---

[3]According to the Plan, an appeal must be filed within 180 days from the receipt of notice of denial of benefits.  (Doc. No. 14-2, Exh. A, p. 34.)  Medical Mutual then has 30 days to notify the participant of its determination, either "orally as allowed or in writing."  *Id.*  The Plan further states that if the claim was denied based on "Experimental treatment . . . then an explanation of the scientific or clinical adjustment used for the determination applying the terms of the plan to your circumstances will be provided free of charge upon request."  *Id.* at 35.

[4]Although Lanci sets forth § 1132(a)(1)(A) in ¶ 28 of the Amended Complaint, the language he uses is from § 1132(a)(1)(B).  For this reason, the Court's opinion is directed towards § 1132(a)(1)(B) and § 1132(a)(3).

Medical Mutual's violations of the terms of the Plan.  Specifically, he requests the Court to grant the following relief:

> A.  Recovery of benefits due to Mr. Lanci under the terms of the Plan;
>
> B.  Enforcement of Mr. Lanci's rights to have the Procedure covered under the terms of the Plan;
>
> C.  An Order from the Court clarifying Mr. Lanci's rights to future benefits under the terms of the Plan;
>
> D.  Any other appropriate equitable relief to redress Medical Mutual's violations of the terms of the Plan pursuant to 28 U.S.C. § 1132(a)(B);
>
> E.  Any other relief the Court deems fair and just, including but not limited to recovery of Mr. Lanci's costs and attorneys fees incurred in bringing this action.

(Amended Complaint, Prayer for Relief)

On August 25, 2008, Medical Mutual filed a motion to dismiss Lanci's Amended Complaint (Doc. No. 7) asserting that he does not state a cognizable claim under ERISA and that he is not entitled to "other equitable relief" prayed for.

## II. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows defendants to test the legal sufficiency of complaint without subjecting themselves to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003).  In evaluating a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff.  *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  A court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations.  *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the

complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept.25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S.Ct. at 1974.

While a court may not normally consider matters outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss, a court may consider a document that is "integral to and explicitly relied on in the complaint" where the plaintiff does not challenge its authenticity. *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). Here, a complete copy of the Plan was not attached to the Amended Complaint by Lanci, but was attached to the Reply in support of the motion to dismiss by Medical Mutual. Lanci has not challenged the authenticity of the policy submitted by Medical Mutual. The Court will, therefore, to the extent necessary, consider the document in recommending a decision on Medical Mutual's motion. *See Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 195 n. 5 (approving consideration of ERISA plan on motion to dismiss where plan was referred to in Complaint but not attached).

### III. Law & Analysis

#### A. Exhaustion

Prior to pursuing § 1132 remedies in federal court, a participant must exhaust administrative remedies available under the plan. *See Belanger v. Healthsource of Maine*, 66 F.Supp.2d 70, 73 (D. Maine 1999); *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991). These exhaustion requirements may be waived if a court finds that attempts by a plaintiff to exhaust available administrative remedies would be futile or result in an inadequate remedy. *Belanger*, 66 F.Supp.2d at 73. Until a plan participant has exhausted or reached an impasse under a plan's administrative procedures, it is inappropriate for a court to review a claim that has not been "fully considered" by the plan itself. *Id. (citing Wilczynski v. Lumbermens Mut. Cas. Co.*, 93 F.2d 397, 402 (7th Cir. 1996)(explaining the policy reasons for the exhaustion requirement).

4

Although not raised by the parties, the Court finds, based on the allegations in the Amended Complaint which must be accepted as true, that Lanci has attempted to fully exhaust his claim but has reached an impasse, as Medical Mutual has not rendered a decision on his appeal.

### B. Recovery of Benefits under § 1132(a)(1)(B)

29 U.S.C. § 1132(a)(1)(B) sets forth that a participant or beneficiary may bring a civil action to recover benefits due him, to enforce his rights, and to clarify his rights for future benefits under the terms of the Plan.  In *Aetna Healthcare v. Davila*, 542 U.S. 200, 210- 214 (2004), the Supreme Court noted that ERISA is applicable whenever a plaintiff brings a lawsuit complaining of a denial of coverage for medical care or "to rectify a wrongful denial of benefits" under the terms of an ERISA-regulated welfare benefit plan.  Even though such ERISA claims are allowed, federal courts have held that extra-contractual compensatory damages are not available under § 1132(a)(1)(B).  *Evanoff v. Banner Mattress Company, Inc*., 526 F.Supp.2d 810, 818 (N.D. Ohio, Nov. 2007); *see also Mass. Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 144 (1985).

In one portion of his prayer, Lanci seeks to have the Court clarify his right for future benefits under the Plan.  Welfare benefit plans do not vest or accrue.  *See Owens v. Storehouse, Inc*. 984 F.2d 394, 398 (11th Cir. 1993).  Congress intended employers to be free to create, modify, or terminate the terms and conditions of employee welfare benefit plans as inflation, changes in medical practice and technology, and the costs of treatment dictate.  *Glauser-Nagy v. Medical Mutual of Ohio*, 987 F.Supp. 1002, 1012 (N.D. Ohio 1997); *Owens* at 398; *citing Moore v. Metropolitan Life Ins. Co.*, 856 F.2d 488, 492 (2nd Cir. 1988); *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 732 (1985) (ERISA "does not regulate the substantive content of welfare-benefit plans.")

Medical Mutual argues that Lanci does not have vested rights to future medical benefits.  It also claims that Lanci failed to identify what "future benefits" he seeks to have clarified.  It surmises that the only "future benefit" possibly involved is an automatic entitlement to have the Procedure should he need it in the future.  Lanci concedes that Medical Mutual does have a right

to amend the Plan which may then render Lanci's claim for "future benefits" moot.  (Doc. No. 12 Opposition at 7.)  As welfare benefit plans are allowed to be created, modified, or terminated, this Court cannot determine the future benefits of the Plan. Yet, whether this case is about future benefits with no current medical necessity is not clear.

Medical Mutual asserts that since Lanci suffered a heart attack, the Procedure is not currently necessary.  It does seem logical that the Procedure, if only diagnostic, is no longer necessary since the purpose would be to determine the likelihood of Lanci suffering a heart attack, an event both parties agree has already occurred.  Nonetheless, the Court has not been directed to any part of the record that could be properly considered for purposes of this motion supporting Medical Mutual's factual allegation that the Procedure's medical necessity was rendered moot by Lanci's attack and subsequent treatment.  Certainly, nothing in the Amended Complaint alleges that to be the case.  To the contrary, the Amended Complaint alleges that "the Procedure is . . . 'central' to the diagnosis **and management** of patients with known or suspected chronic coronary artery disease."  (Amended Complaint, ¶ 13.) (emphasis added).

Lanci also seeks "reasonable access to, and copies of, documents, records and other information relevant to the denial of coverage, or a further explanation that details of [sic] the scientific or clinical criteria Medical Mutual used in its decision to deny coverage[ ]," (*Id* at ¶ 23, 25) and a final determination of his appeal.  *Id*. at ¶ 24.  The Court finds that under § 1132(a)(1)(B) Lanci may be able to enforce these rights under the terms of the Plan, assuming the facts plead in the Amended Complaint are true.

### C.  Recovery of Benefits under § 1132(a)(3)

29 U.S.C. § 1132(a)(3) allows a plan participant or beneficiary to obtain, *inter alia*, "appropriate equitable relief" to enforce the terms and his rights under the plan.  Recovery is limited to "classic" equitable remedies, *Mertens v. Hewitt Assocs*., 508 U.S. 248, 257-58, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), "such as injunctive, restitutionary, or mandamus relief, and does not extend to compensatory damages."  *Knieriem v. Group Health Plan, Inc*., 434 F.3d 1058 (8th Cir. 2006).  The scope and nature of relief available to aggrieved parties under this statutory provision has been outlined by a line of Supreme Court decisions beginning with

6

*Mertens*, 508 U.S. at 256; *Varity Corp. v. Howe*, 516 U.S. 489, 515, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996); and *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002); *Davila v. Cigna HealthCare of Texas, Inc.*, 542 U.S. 200 (2004).  The Supreme Court has repeated its reluctance "'to tamper with [the] enforcement scheme' embodied in the statute by extending remedies not specifically authorized by its text." *Great-West*, 534 U.S. at 209 (*quoting Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985))(alteration in original).  The Court further noted that the statute's failure to include certain remedies was not an oversight, rather, "ERISA's carefully crafted and detailed enforcement scheme provides strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly." *Id.* (internal quotations omitted).

      *Mertens* and *Great-West* directed courts how to determine whether relief requested in an ERISA claim is equitable or legal.  "[A]ny make-whole monetary relief that is not directly traceable to some wrongly held property is properly characterized as legal, not equitable, relief, and is thus unavailable in a 29 U.S.C. § 1132(a)(3) action." *Eichorn v. AT&T Corp.*, 489 F.3d 590 (3rd Cir. 2007).  Restitution can be equitable or compensatory, and the distinction lies in the origin of the award sought. *Knieriem*, 434 F.3d at 1061.  "Restitution seeks to punish the wrongdoer by taking his ill-gotten gains, thus, removing his incentive to perform the wrongful act again.  Compensatory damages on the other hand focus on the plaintiff's losses and seek to recover in money the value of the harm done to him." *Id.* (*citing* 1 Dan B. Dobbs, *Law of Remedies* § 4.1(1), at 369-71 (2d ed. 1993)).  Therefore, despite the label attached to the remedy in the present case, the Court must look to the origin of the relief sought to determine whether it is equitable or compensatory.

      Medical Mutual argues that Lanci does not identify what type of equitable relief he is seeking under § 1132(a)(3)(B).  It asserts that the relief available under the statute, an injunction, mandamus or restitution, does not apply to this case.  This argument rests upon Medical Mutual's belief that the medical necessity for the Procedure no longer exists.  Furthermore, it contends that under both complaints, Lanci is seeking monetary damages based on his belief that if the Procedure had been approved, he either would not have had a heart attack or it would have

been less severe.   Moreover, Medical Mutual argues that the only relief Lanci identified in his brief in opposition was the "value" of the Procedure.

Lanci responds that in the Amended Complaint he is seeking to receive a benefit under the Plan, and further alleges that under ERISA he is entitled to such benefit.  (Lanci's Opposition at p. 8.)  He concludes that if he "cannot be awarded the Procedure itself, he <u>can</u> be awarded the value of the same."  *Id.*  He claims also that had Medical Mutual provided coverage for the Procedure, Lanci's heart attack may have been mitigated or avoided.

Conceding that Lanci is not entitled to the compensatory damages he seems to request, the Court is unable to conclude, taking the allegations of the Amended Complaint as true, that equitable relief is inappropriate to enforce other rights under the Plan as outlined above. Although the first paragraph of the Amended Complaint states that this is an action for monetary relief, his prayer, at least in part, asks for remedies that may be appropriate under ERISA.

### IV.  Conclusion

For the foregoing reasons, the undersigned recommends that Medical Mutual's motion to dismiss be denied.


   s/ Greg White
United States Magistrate Judge


Date    February 13, 2009


### OBJECTIONS

**Any objection to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

8