UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH A. LANCI,** | : | Case No. 1:08 CV 1575 |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| **MEDICAL MUTUAL OF OHIO,** | : | <u>**MEMORANDUM & ORDER**</u> |
| **Defendant.** | : | |

Before the Court is Defendant Medical Mutual of Ohio's ("MMO") *Motion to Dismiss Plaintiff's First Amended Complaint* (Doc. 7) seeking dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Procedure for failure to state a claim upon which relief can be granted.[1] After this motion to dismiss was fully briefed,[2] the Court referred it to Magistrate Judge Greg White for preparation of a Report and Recommendation ("R&R"). (Doc. 15.) Magistrate Judge White issued his R&R on February 13, 2009, recommending denial of MMO's motion to dismiss. (Doc. 16.) MMO filed objections to the R&R on February 27, 2009 (Doc. 17), and Plaintiff Kenneth A. Lanci ("Lanci") filed a response to MMO's objections on March 13, 2009 (Doc. 18). Accordingly, this motion to dismiss is now ripe for resolution. For the reasons stated below, the Court adopts, in part, Magistrate Judge White's recommendation and **GRANTS in part and DENIES in part** MMO's motion to dismiss.

---

[1] Also pending is MMO's *Motion to Dismiss Plaintiff's Complaint* (Doc. 4), filed on July 7, 2008. This motion relates to the original complaint in this matter, which was amended with the Court's permission on August 6, 2008. (Docs. 5, 6.) Because MMO's *Motion to Dismiss Plaintiff's Complaint* (Doc. 4) is now **MOOT** in light of the filing of the amended complaint and MMO's motion to dismiss that amended complaint (Doc. 7), Doc. 4 is hereby **TERMED**.

[2] Plaintiff Kenneth A. Lanci filed a timely response in opposition to the motion to dismiss on October 3, 2008. (Doc. 12.) MMO filed a timely reply on October 30, 2008. (Doc. 14.)

**I.     BACKGROUND**

Neither party objects to the summary of the facts and procedural history as set forth by Magistrate Judge White in his R&R. (*See* R&R at 1-3, Doc. 16.) Consequently, in the interest of efficiency, the Court will not re-state the facts here, except to the extent necessary to explain the context of the matters addressed in this Order and to resolve the objections.

**A.     FACTS ALLEGED IN THE COMPLAINT**

Plaintiff Lanci is a beneficiary of a group health insurance plan ("the Plan") administered by MMO and governed by the Employee Retirement Income Security Act ("ERISA"). Lanci alleges that, after complaining of chest pains, his treating physician referred him for a "coronary CTA procedure" ("the Procedure") in early July of 2007. Before having the coronary CTA procedure, Lanci contacted MMO to determine whether it was covered by the Plan. MMO informed Lanci that the Procedure was not covered under the Plan because MMO considered it "investigational." Subsequently, on July 19, 2007, Lanci suffered a massive heart attack. On July 23, 2007, MMO officially notified Lanci, in writing, that the cost of the coronary CTA procedure was not reimbursable under the terms of the Plan. Lanci followed the process described in MMO's notification letter and attempted to appeal MMO's decision. As part of the appeal process, he asked to review the evidence MMO relied upon to conclude that the Procedure was "investigational." MMO did not respond to his request for appeal, or his request to obtain access to the information related to MMO's coverage determination.

On May 28, 2008, Lanci filed his original complaint in the Cuyahoga County, Ohio, Court of Common Pleas. MMO filed a notice of removal on June 30, 2008, asserting that Lanci's claims

were completely preempted by ERISA.[3] After MMO filed a motion to dismiss the original complaint (Doc. 4), Lanci filed a motion to amend his complaint, which the Court granted on August 29, 2008. The Amended Complaint (Doc. 6) seeks relief pursuant to ERISA, specifically, to recover benefits, enforce Lanci's rights, or clarify his rights to future benefits under 29 U.S.C. § 1132(a)(1) and for equitable relief under § 1132(a)(3)(B). The motion to dismiss now before the Court (Doc. 7) asserts that the Amended Complaint fails to state a claim under either of these provisions.

### B. THE R&R

In his R&R, Magistrate Judge White first concludes that Lanci has cleared the initial prerequisite to asserting an ERISA claim, exhaustion of administrative remedies. (R&R at 4-5, Doc. 16.) Neither party objects to this conclusion.

Next, Magistrate Judge White analyzes Lanci's claims under 29 U.S.C. § 1132(a)(1)(B). This section of ERISA permits a beneficiary to bring a civil action to recover benefits due, enforce his rights, or clarify his rights to future benefits under the terms of the Plan.[4] Magistrate Judge White notes that Lanci is seeking to clarify his right to future benefits under the Plan in one portion of his prayer for relief. (R&R at 5, Doc. 16). He concludes that, because welfare benefit plans (such as

---

[3] The original complaint was served on MMO on June 3, 2008. (Doc. 1.) Therefore, the notice of removal was timely.

[4] Section 1132(a)(1)(B) provides:

A civil action may be brought--
    (1) by a participant or beneficiary--
        . . .
        (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan

29 U.S.C. § 1132(a)(1)(B).

Lanci's) do not vest or accrue, "this Court cannot determine the future benefits of the Plan." (*Id.* at 6.) He does not, however, conclude that Lanci is only seeking "future benefits with no current medical necessity":

> Medical Mutual asserts that since Lanci suffered a heart attack, the Procedure is not currently necessary. It does seem logical that the Procedure, if only diagnostic, is no longer necessary since the purpose would be to determine the likelihood of Lanci suffering a heart attack, an event both parties agree has already occurred. Nonetheless, the Court has not been directed to any part of the record that could be properly considered for purposes of this motion supporting Medical Mutual's factual allegation that the Procedure's medical necessity was rendered moot by Lanci's attack and subsequent treatment. Certainly, nothing in the Amended Complaint alleges that to be the case. To the contrary, the Amended Complaint alleges that "the Procedure is . . . 'central' to the diagnosis and **management** of patients with known or suspected chronic coronary artery disease." (Amended Complaint, ¶ 13.)(emphasis added).

(R&R at 6, Doc. 16 (emphasis in original).) Magistrate Judge White also found that Lanci alleges a valid claim under 29 U.S.C. § 1132(a)(1)(B) for access to MMO's documentation relevant to its decision to deny coverage, and for a final determination of his appeal. (*Id.*) Accordingly, the R&R recommends denying MMO's motion to dismiss with respect to all claims asserted under 29 U.S.C. § 1132(a)(1)(B).

Magistrate Judge White likewise recommends denying MMO's motion to dismiss with respect to Lanci's claims for equitable relief pursuant to 29 U.S.C. § 1132(a)(3).[5] (R&R at 6-8, Doc.

---

[5] Section 1132(a)(3) provides:

A civil action may be brought--

> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .

29 U.S.C. § 1132(a)(3).

16.) He notes that § 1132(a)(3) limits recovery to the "classic" equitable remedies such as injunctive, restitutionary, or mandamus relief and does not permit recovery of compensatory damages. (*Id*. at 6.) Thus, Magistrate White holds that Lanci cannot recover monetary damages for the value of the harm resulting from MMO's denial of coverage decision. (*Id*. at 7.) He concludes, however, that MMO's argument that the relief requested is compensatory as opposed to equitable is premised on MMO's contention that Lanci has not alleged that a medical necessity for the coronary CTA procedure still exists. He rejects this contention, and, thus, recommends denying MMO's motion to dismiss on the grounds that Lanci's complaint includes requests for at least some equitable relief:

> Conceding that Lanci is not entitled to the compensatory damages he seems to request, the Court is unable to conclude, taking the allegations of the Amended Complaint as true, that equitable relief is inappropriate to enforce other rights under the Plan as outlined above. Although the first paragraph of the Amended Complaint states that this is an action for monetary relief, his prayer, at least in part, asks for remedies that may be appropriate under ERISA.

(R&R at 8, Doc. 16.)

### C. MMO'S OBJECTIONS TO THE R&R

MMO objects to Magistrate Judge White's recommendations. MMO asserts three principal objections.

#### 1. No Allegations Related to the Need for the Procedure

First, MMO objects to the R&R's suggestion that Lanci's Amended Complaint alleges that he currently needs or is seeking the coronary CTA procedure. Similarly, MMO argues that the Amended Complaint is devoid of any allegation that Lanci is at risk of an imminent heart attack or that he is has a need for the Procedure for the "maintenance" of his condition. Therefore, MMO argues, Lanci has no benefits to recover or rights to enforce under the terms of the Plan, and cannot

request clarification of future benefits because welfare benefit plans do not vest. (Doc. 17 at 3-5.)

### 2. No Allegation Requesting Access to Information Used in Denying Coverage

Second, MMO argues that the Amended Complaint does not include a request for information related to MMO's decision to deny coverage. While MMO concedes that the Amended Complaint alleges that MMO did not provide such information in response to Lanci's request for appeal of the denial of benefits, it contends that the fact that the procedure is no longer necessary renders any such ERISA claim moot. MMO also argues that the prayer for relief does not specifically request information related to the decision to deny coverage. (*Id*. at 6-7.)

### 3. The R&R Does Not Identify A Specific Request for Equitable Relief and the Amended Complaint Does Not Assert A Valid Claim to Such Relief

Third, MMO "objects to the Magistrate's finding that Plaintiff may be entitled to 'equitable relief to enforce other rights under the Plan as outlined above.'" (Doc. 17 at 7 (quoting R&R at 8, Doc. 16).) MMO questions what "other rights" the R&R refers to in finding that " the Court is unable to conclude, taking the allegations of the Amended Complaint as true, that equitable relief is inappropriate to enforce other rights under the Plan as outlined above." (*Id*.) MMO argues that Lanci failed to properly specify the relief he seeks, *i.e.*, that it is not sufficient to simply request "appropriate equitable relief." Finally, MMO argues that Lanci cannot be asserting a valid claim for equitable relief because he is not requesting an injunction, restitution, or mandamus relief. (*Id*. at 7-8.)

### D. LANCI'S RESPONSE TO MMO'S OBJECTIONS TO THE R&R

Lanci opposes each of MMO's objections.

First, Lanci contends that the Amended Complaint "properly alleges that the procedure is both diagnostic and essential for treatment of persons with Lanci's condition." (Doc. 18 at 2.)

Therefore, MMO's argument that Lanci has not alleged a future necessity for the procedure is baseless. Lanci admits that the Amended Complaint alleges that Lanci's treating physician recommended the procedure to assess and diagnose Lanci's complaints of chest pains. He contends, however, that:

> Any interpretation of this [allegation] of the First Amended Complaint to the effect that the procedure is no longer necessary is an unreasonably strained interpretation of that language, and is directly contradicted by further language in the First Amended Complaint which clearly states the subject procedure is necessary not only for diagnostic purposes but also for treatment.

(Doc. 18 at 2.) Lanci does not direct the Court to any specific language of the Amended Complaint in support of this contention.

Second, Lanci argues that the request for information related to MMO's denial of coverage relates to his rights to appeal denial of benefits under the Plan and "clearly falls under the penumbra of equitable relief." Therefore, Lanci argues that this claim is cognizable, regardless of whether Lanci has a present need for the procedure. (Doc. 18 at 3.)

Third, Lanci agues that a request for "any and all equitable relief" that the Court deems proper is sufficient under the notice pleading standard. Lanci rejects the notion that he had to specifically request injunctive, restitutionary, or mandamus relief in his prayer. (*Id.*)

## II. LAW & ANALYSIS

### A. STANDARDS OF REVIEW

#### 1. Objections to the R&R

In cases that are referred to a magistrate judge for preparation of a R&R, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Federal Magistrates Act, however, requires that a district court conduct a *de novo* review only of those portions of a R&R to which the parties have

made an objection. *Id.*; *see also Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Crum v. Sullivan*, 921 F.2d 642, 645 n.1 (6th Cir. 1990); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Accordingly, pursuant to 28 U.S.C. § 636(b)(1), the Court will conduct a *de novo* review of the portions of the R&R to which MMO interposed an objection.

### 2. Rule 12(b)(6) Motion to Dismiss

The Court may dismiss a claim for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) is directed solely at the complaint itself. *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983) (citing *Sims v. Mercy Hospital of Monore*, 451 F.2d 171, 173 (6th Cir. 1971)). When evaluating a complaint in light of a motion to dismiss, the Court must accept all of the plaintiff's allegations as true and resolve every doubt in the plaintiff's favor. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489 (6th Cir. 1990) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). As the Sixth Circuit recently stated:

> Even under Rule 12(b)(6), a complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly*, . . . . The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* at 1965 . . .; *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir.2007).

*Bishop v. Lucent Techs., Inc.*, 520 F.3d 516. 519 (6th Cir. 2008). Accordingly, a claim should be dismissed if it does not "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory . . . ." *Twombly*, 127 S. Ct. at 1969 (omitting citations and quotations, emphasis in original).

### B. ANALYSIS OF OBJECTIONS

Upon *de novo* review of the issues MMO raises in its objections, the Court must resolve three questions. First, whether Lanci's Amended Complaint states a claim under 29 U.S.C. § 1132(a)(1)(B) arising out of MMO's denial of coverage for the coronary CTA procedure. Specifically, whether Lanci is asserting such a claim under the terms of the Plan to recover benefits due, enforce his rights, or clarify his rights to future benefits. *Id*. Second, whether the Amended Complaint includes a valid claim for MMO to act on Lanci's request for an appeal of MMO's coverage determination and provide Lanci with information related to the denial of coverage determination. Third, whether Lanci is seeking equitable relief recoverable in an ERISA action, as opposed to compensatory damages, which are not recoverable in an ERISA action.

### 1. The Amended Complaint Does Not State a § 1132(a)(1)(B) Claim Arising Out of MMO's Denial of Coverage Decision

The first issue addresses whether Lanci has stated a § 1132(a)(1)(B) claim arising out of MMO's decision to deny coverage of the coronary CTA procedure. Section 1132(a)(1)(B) provides:

> A civil action may be brought--
>     (1) by a participant or beneficiary--
>         . . .
>         (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan

29 U.S.C. § 1132(a)(1)(B). With respect to this issue, Magistrate Judge White recommended denying the motion to dismiss because it is possible to read the Amended Complaint as including the allegation that the procedure remains a medical necessity for Lanci even after his heart attack. Magistrate Judge White reasoned that, because the Amended Complaint alludes to the use of the procedure for management as well as diagnosis, Lanci has alleged a claim to recover benefits, enforce his rights, or clarify his rights to future benefits under the Plan.

As MMO points out in its objection, however, Lanci **does not** allege that he is seeking to have the coronary CTA procedure, now or in the future. Thus, he has not even alleged a claim cognizable under the plain language of the statute, 29 U.S.C. § 1132(a)(1)(B). The Amended Complaint explains that Lanci initially requested the procedure for diagnostic reasons. His heart attack mooted the need for a diagnosis, and the Amended Complaint does not further allege that he is now seeking to have the procedure for any other purpose. Thus, Lanci is not seeking to recover benefits, enforce a right, or clarify his right to future benefits under the terms of the plan.

It is possible to extrapolate that Lanci might want the coronary CTA procedure in the future because of the allegation that it can be used to manage a heart condition; however, this is not sufficient to satisfy the Rule 12(b)(6) requirement that the complaint state a claim that is plausible as opposed to merely speculative. If Lanci intends to utilize the procedure for any purpose, or has received a doctor's recommendation that he do so, now or in the future, he could have said so in his Amended Complaint. The fact that he did not leaves the Court to speculate as to the nature of his claims. Indeed, this is an example of "a complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action," *Bishop*, 520 F.3d at 519, and, therefore, it does not satisfy the Rule 12(b)(6) standard.[6]

---

[6] In dismissing Lanci's claims arising out of MMO's denial of coverage, the Court does not rely on MMO's vesting argument. MMO argues that, because welfare benefit plans such as Lanci's do not vest, it is impossible for the Court to determine future benefits under the Plan. It is well-established that an employer is always free to change the terms of the Plan, and, consequently, the Court cannot predict whether a beneficiary will have a right to a hypothetical benefit at some indefinite future point in time. *See Glauser-Nagy v. Medical Mutual of Ohio*, 987 F. Supp. 1002, 1012 (N.D. Ohio 1997). This does not mean that a court is precluded from determining whether a beneficiary has a present right to a given future benefit under the terms of the plan in its present form. The cases MMO cites in support of its argument do not stand for this proposition. *See e.g. Glauser-Nagy*, 987 F. Supp. 1002 (holding that the vesting rule permits benefits to be altered even during the course of ongoing treatment but not addressing whether the court may adjudicate a present right to future benefits). The statute, moreover, expressly allows

### 2. The Amended Complaint States a Claim for Injunctive Relief Regarding the Right to Appeal Denial of Coverage and to Related Information

The Amended Complaint does allege that Lanci followed the appropriate administrative procedures to appeal the denial of coverage for the coronary CTA procedure. (Amended Compl. ¶ 15, Doc. 6.) It further alleges that MMO failed to respond to his request for appeal in any way. (*Id.* ¶ 15-16.) The Amended Complaint also includes allegations that Lanci requested information related to the denial of coverage, and that MMO has never responded to these requests. (*Id.* ¶ 17-19.) These allegations state a claim cognizable under 29 U.S.C. § 1132(a)(1)(B) to recover benefits pursuant to the terms of the Plan or to enforce the right to benefits under the Plan, *i.e.*, the right to an appeal following a denial of coverage, and the right to information related to the denial of coverage determination.

Furthermore, these claims seek injunctive relief, not non-recoverable compensatory damages. *See Evanoff v. Banner Mattress Co., Inc.*, 526 F. Supp. 2d 810, 818 (N.D. Ohio 2007) (holding that extra-contractual compensatory damages are not available under § 1132(a)(1)(B)). The fact that Lanci has not included a specific request for access to information in his prayer for relief does not require the Court to dismiss this claim when paragraphs 12-19 of the Amended Complaint allege the factual predicate of the claim in sufficient detail to satisfy the notice pleading standard of Rule 8. *See Hoover v. Provident Life & Acc. Ins. Co.*, 290 F.3d 801, 810 (6th Cir. 2002); *Black v. Columbus Public Schools*, 2:96cv326, 2007 WL 2713873, at *8 (S.D. Ohio Sept. 17, 2007).

---

claims "to clarify [a beneficiary's] rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). In light of the surprising dearth of authority specifically interpreting this clause of § 1132(a)(1)(B) and the plain language of the statute, the Court cannot conclude that ERISA prohibits lawsuits seeking to clarify a present right to a future benefit as a matter of law. The Court need not resolve this issue, however, since Lanci's Amended Complaint does not include a claim for clarification of a present right to a future benefit. It is this failing that dooms Lanci's claim as a matter of law, not MMO's vesting argument.

-11-

MMO's argument – that any right to appeal the denial of coverage decision, or to obtain information related to that decision was mooted by Lanci's heart attack -- is not supported by law. MMO does not cite any authority for this proposition in its objections, and neither the Court nor Magistrate Judge White could locate any supportive authority. Instead, for purposes of a Rule 12(b)(6) motion, the plain language of the statute provides Lanci with a cause of action to enforce his rights under the plan or recover a benefit due under the plan. The Court cannot conclude that the right to pursue an appeal and obtain related information does not implicate such a right and/or benefit.[7] Unlike the purely speculative substantive claim challenging the merits of MMO's coverage determination directly, this claim challenges MMO's response to the request for an appeal on procedural grounds. It is <u>not</u> speculative because paragraphs 12-19 of the Amended Complaint allege the factual predicate of the claim.

As a practical matter, Lanci's pursuit of his appeal may have the same effect as the § 1132(a)(1)(B) claim which the Court already deemed speculative – *i.e.*, it may provide Lanci with an understanding of whether a request for a coronary CTA might be denied in the future by providing insight into why it was denied in July of 2007. That fact does not change Lanci's right to pursue an appeal under the Plan, however. He has a right to resolution of his <u>prior</u> request for benefits consistent with the very procedures for such resolution authorized under the Plan.[8]

---

[7] The R&R is, admittedly, not detailed on this issue, stating that "the Court is unable to conclude, taking the allegations of the Amended Complaint as true, that equitable relief is inappropriate to enforce other rights under the Plan as outlined above." (R&R at 8, Doc. 16.) It appears, however, that Magistrate Judge White was referring to, *e.g.*, Lanci's right to appeal under the terms of the Plan, making the R&R consistent with the Court's analysis here.

[8] While MMO argues that the appeal is unnecessary in its view in light of Lanci's heart attack, nothing in the Plan conditions Lanci's appellate rights on the continuing need for the procedure.

-12-

Accordingly, the Court overrules MMO's second objection and finds that Lanci has stated a § 1132(a)(1)(B) claim challenging MMO's silence in response to his request for an appeal of the coverage determination and MMO's failure to provide Lanci with information related to that determination.

### 3. The Amended Complaint Asserts a Claim for Injunctive Relief

The Amended Complaint also asserts a claim for injunctive relief pursuant to 29 U.S.C. § 1132(a)(3). Section 1132(a)(3) provides:

A civil action may be brought--

> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .

29 U.S.C. § 1132(a)(3).

As discussed above, Lanci alleges that MMO failed to adhere to the terms of the Plan in response to his request for an appeal of its coverage determination and his request for information related to that determination. In the Amended Complaint, Lanci expressly requests in his prayer for relief "[r]ecovery of benefits due . . . under the terms of the Plan", as well as "other appropriate equitable relief to redress Medical Mutual's violations of the terms of the plan[.]" The "benefit" Lanci seeks to recover is his right to appeal the coverage determination and to receive information related to that determination. Paragraph 30 of the Amended Complaint, moreover, expressly invokes § 1132(a)(3)(B), the ERISA statute that provides for injunctive or other equitable relief to redress violations or enforce the terms of the Plan. (Doc. 6 at ¶ 30.) This is not a request for restitution or for mandamus relief, but it fairly encompasses a request for injunctive relief to compel MMO to respond to Lanci's request for appeal of the coverage determination and to share information related

-13-

to that determination.[9]

### III. CONCLUSION

For the foregoing reasons, the Court adopts, in part, Magistrate Judge White's R&R (Doc. 16). The Court **GRANTS in part and DENIES in part** Defendant MMO's *Motion to Dismiss Plaintiff's First Amended Complaint* (Doc. 7). Specifically, MMO's Motion to Dismiss is **DENIED with respect to Lanci's claims regarding his appeal of the denial of coverage determination and his request to obtain access to information related to that determination, and GRANTED in all other respects**. Further, MMO's *Motion to Dismiss the Plaintiff's Complaint* (Doc. 4) is hereby **TERMED as MOOT**.

**ADDITIONALLY**, the Court hereby **ORDERS** MMO to provide notice within seven (7) days of whether it intends to continue to resist Lanci's request to pursue an appeal of the denial of benefits determination and his request for materials related thereto. If MMO informs the Court that it has instituted the appellate process and provided the requested documents to Lanci, the Court will put on an Order granting Lanci's request for injunctive relief and closing the case.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY
UNITED STATES DISTRICT JUDGE**

Dated: March 25, 2009

---

[9] MMO contends that courts within the Sixth Circuit require the plaintiff to specifically state the precise nature of all relief requested, *i.e.*, it argues that the customary prayer for "any other relief the court deems appropriate" is essentially meaningless and unenforceable. The Court rejects this contention, as ERISA generally gives the district court discretion to fashion appropriate equitable relief, *see Hoover v. Provident Life & Acc. Ins. Co.*, 290 F.3d 801, 810 (6th Cir. 2002), and a request for "appropriate equitable relief" is not invalid *per se*, *see*, *e.g.*, *Black v. Columbus Public Schools*, 2:96cv326, 2007 WL 2713873, at *8 (S.D. Ohio Sept. 17, 2007).