UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH A. LANCI, | ) | CASE NO. 1:08CV1575 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| MEDICAL MUTUAL OF OHIO, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is plaintiff's motion for an award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g) (Doc. No. 46), defendant's opposition (Doc. No. 48), and plaintiff's reply (Doc. No. 49). The matter is ripe for determination and the motion is **GRANTED** as set forth herein.

### I. BACKGROUND

On May 28, 2008, plaintiff filed this action in the Cuyahoga County Court of Common Pleas seeking monetary relief for defendant's alleged breach of insurance contract, bad faith, and intentional infliction of emotional distress. On June 30, 2008, defendant removed the action to this Court as one that arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

On September 30, 2010, Judge Kathleen M. O'Malley, who was then assigned to this case,[1] issued a Memorandum and Order on the parties' cross-motions for summary judgment. Judge O'Malley granted plaintiff's motion and denied defendant's motion. She dismissed the case, ordering that defendant perform the administrative appeal of its denial of coverage, as required under the relevant ERISA plan. Judge O'Malley further ordered, after analyzing the factors in *Sec. of Dept. of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985), that plaintiff was entitled to recover his attorney's fees and costs. As to this issue, Judge O'Malley concluded:

> Because Lanci would not have had to file this lawsuit absent MMO's steadfast refusal to conduct the "mandatory" appeal clearly described in the Plan, the Court will award fees for the entirety of this litigation. Lanci's claims for compensatory damages, however, were not viable and because MMO had to defend against them, attorney's fees for that stage of the litigation will be reduced by half. Attorney's fees will be awarded in full for the litigation[5] from the date after this Court's ruling on MMO's Motion to Dismiss[6] until the date of this order.
>
> [5] From the date of removal to this Court (June 30, 2008) until this Court's order on MMO's Motion to Dismiss (March 25, 2009).
>
> [6] March 26, 2009.

(Doc. No. 43 at 14, footnotes in original.) Therefore, fees from June 30, 2008 to March 25, 2009 are to be reduced by half and fees from March 26, 2009 until the date of this order are to be awarded in full. Of course, that calculation still requires this Court to determine a reasonable hourly rate and apply that rate to only those hours reasonably spent on the litigation. *See Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010) ("[r]easonable attorney's fee awards are determined by the fee applicant's 'lodestar,' calculated by multiplying the proven number of

---

[1] The case was reassigned to the undersigned judge on January 19, 2011, after Judge O'Malley was elevated to the U.S. Court of Appeals for the Federal Circuit.

2

hours worked by a court-ascertained reasonable hourly rate") (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).

## II. DISCUSSION

A.      **The Motion and Defendant's Opposition**

In his motion, plaintiff seeks an award of attorney's fees based upon the following hourly rates for attorneys: Joseph G. Corsaro ($300.00); Jeanne V. Gordon ($200.00); Christian M. Bates, Scott R. Poe, and Clare Long ($175.00); and Michael F. Halper ($150.00). Fees are also sought for the litigation services of the following persons: paralegals Donald W. Cora ($100.00) and Joe M. Corsaro ($75.00) and CPA Cathy A. Robinson ($175.00). Plaintiff has also submitted the affidavit of Steven B. Beranek, Esq. (Motion, Ex. 3), who attests to the reasonableness of "an hourly rate of at least $200.00" (*id.*, ¶ 11) and concludes that Mr. Corsaro's higher rate of $300.00 for a mere 5.5 hours of work at that rate "is more than set off by the other attorney rates." (*Id.*, ¶ 13.) Defendant has not challenged the validity or appropriateness of these hourly rates nor has it submitted a competing expert's evaluation. The Court concludes that the hourly rates sought by plaintiff are completely reasonable.

Plaintiff has also supplied the declaration of Mr. Corsaro (Motion, Ex. 2), along with copies of the legal invoices associated with the case. These invoices detail the hours spent on the various tasks and indicate which of the legal professionals performed the tasks.[2] The invoices also detail the costs associated with the case which plaintiff seeks to recover. Defendant (besides inappropriately rearguing that plaintiff is not entitled to any attorney's fees, especially

---

[2] The invoices are redacted to protect information covered by the attorney-client privilege. Ordinarily, the Court would require that unredacted copies be filed under seal; however, because the redactions are extremely limited and, in most instances, do not obliterate the nature of the services performed, the Court finds that the invoices are suitable in their redacted form.

3

with respect to his dismissed claims[3]) does not challenge the majority of the services for which attorney's fees are sought; however, it does assert that there are several duplicative entries (where more than one attorney provided a service) and some entries relating to what it characterizes as "administrative tasks," for which it believes plaintiff should not recover. It also argues that plaintiff should not be able to recover the costs related to expert services (including the expert who evaluated the reasonableness of the fee petition), but should be limited to the witness fees allowed under 28 U.S.C. §§ 1821 and 1920. Finally, defendant argues that plaintiff should be limited with respect to the fees incurred during the preparation of the instant fee petition, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (upholding the district court's decision to limit fees incurred while preparing a petition for fees to 3% of the hours allowed in the main case). The Court does not agree that simply because more than one attorney performed a particular service, that constitutes duplication. That said, the Court will not allow any an award for any services that it deems truly duplicated, nor for administrative services that may be unrelated to this case. These matters, if any, will be detailed in the next section. As for the costs relating to experts, the Court is of the view that the expenses for virtually all of these experts could have been avoided had defendant simply done what it was required to do by the ERISA plan, namely, provide an administrative review of the denial of coverage for plaintiff's medical procedure. On March 25, 2009, denying in part defendant's motion to dismiss, Judge O'Malley issued a Memorandum and Order stating that, if defendant would

---

[3] Judge O'Malley has already limited the amount of fees that plaintiff can recover with respect to his dismissed claims. Specifically, she ordered that, because plaintiff was not entitled to bring a claim for compensatory damages under ERISA and because defendant was required to defend against that improper claim, attorney's fees would be reduced by half for services performed between June 30, 2008 and March 25, 2009. (*See* Doc. No. 43 at 14.) This "boilerplate" reduction is not unreasonable and, because a reduction is already built in, the Court need not go through the invoices for that date range to disallow any specific services performed relating to "damages." They are already deemed disallowed by virtue of the 50% reduction. Defendant has not pointed to any specific invoice entries for disallowed services *after* March 25, 2009 and the Court has found none.

confirm that it had instituted the required appellate process and had provided plaintiff with the requested documents, she would grant the injunctive relief sought and dismiss the case. However, defendant filed a notice of its intent to continue the defense of the case. This was its prerogative; however, by doing so, it incurred the risk of having to bear additional costs should plaintiff prevail. Therefore, the Court concludes that plaintiff should be permitted to recover the full costs related to his experts.[4]

**B.      Analysis of the Hours and Costs**

The Court has carefully reviewed the invoices supplied by plaintiff and concludes that, for the most part, the services rendered and the hours spent were reasonable, with the exception of some entries described below, which are not allowed.

The following entries in Doc. No. 46-3 are found to be exact duplicates of entries on p. 29 and are disallowed:

| | | | |
|---|---|---|---|
| p. 31 | 11/16/09 | DWC  0.20 @ $100 | $ 20.00 |
| p. 31 | 11/17/09 | DWC  0.50 @ $100 | $ 50.00 |
| p. 31 | 11/24/09 | DWC  0.80 @ $100 | $ 80.00 |
| p. 31 | 11/30/09 | DWC  0.50 @ $100 | $ 50.00 |
| | | TOTAL DISALLOWED | $200.00 |

---

[4] *Coulter v. State of Tenn.*, 805 F.2d 146 (6th Cir. 1986), relied upon by defendant, does not require otherwise. *Coulter* held as follows: "In the absence of unusual circumstances, the hours allowed for preparing and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary. Such guidelines and limitations are necessary to insure that the compensation from the attorney fee case will not be out of proportion to the main case and encourage protracted litigation." Here, this Court finds that there are "unusual circumstances" because defendant itself "protracted [the] litigation" by refusing to provide the mandatory appeal, and thereby end the litigation, when given the opportunity to do so. In fact, rather than take the opportunity to end the litigation, defendant declared its intent to proceed and hired two experts to opine that the medical procedure over which plaintiff had appealed no longer had any value to him. Plaintiff was thereby forced to hire his own rebuttal experts whose costs are now challenged by defendant.

The following entries in Doc. No. 46-3 are found to be ambiguous administrative tasks that are not definitively linked to this case:

| | | | |
|---|---|---|---|
| p. 13 | 12/17/08 | DWC 0.40 @ $100 | $ 40.00 |
| p. 33 | 12/19/09 | DWC 0.50 @ $100 | $ 50.00 |
| p. 36 | 01/12/10 | DWC 0.30 @ $100 | $ 30.00 |
| p. 41 | 02/20/10 | DWC 0.30 @ $100 | $ 30.00 |
| | | TOTAL DISALLOWED: | $150.00 |

Although the Court has already concluded that the invoices, which have been redacted to remove information protected by attorney-client privilege, are generally acceptable, *see*, note 2, *supra*, the Court also concludes that those few entries for which the description of services has been *completely* redacted cannot be allowed. These include the following entries in Doc. No. 46-3:

> p. 23 -- one entry for $100.00
> p. 24 -- three entries totaling $300.00
> p. 31 -- one entry for $100.00
> p. 33 -- three entries totaling $300.00
> p. 34 -- four entries totaling $400.00
> p. 51 -- one entry for $100.00
>
> TOTAL DISALLOWED: $1300.00

The total amount of attorney's fees disallowed for duplication, administrative ambiguity, and substantive ambiguity is $1,650.00. Subtracting this from the total amount of attorney's fees itemized on Ex. 1 (Doc. No. 46-1), the award of attorney's fees is $54,656.25.

Turning to costs, plaintiff is claiming $8,528.85. (*See* Doc. No. 46, at 7.) The Court finds that this amount is supported by the exhibit to the motion.[5] Therefore, that amount of costs will be granted.

---

[5] In fact, the Court calculates the costs as $8,543.90; however, it will use the figure requested by plaintiff.

### III. CONCLUSION

For the reasons set forth herein, the Court awards to plaintiff and against defendant the amount of $54,656.25 in attorney's fees and $8,528.85 in costs, for a total award of $63,185.10.

**IT IS SO ORDERED**.

Dated: May 10, 2011

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**